UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MALIBU MEDIA, LLC,** : | Civil Action No. 17-1234 (KM) |
| Plaintiff, : | |
| v. : | **ORDER** |
| **JOHN DOE SUBSCRIBER ASSIGNED** : **IP ADDRESS 173.70.197.251,** : | |
| Defendant. : | |

This matter having come before the Court by way of Plaintiff's second motion for an extension of time to serve Defendant John Doe, see D.E. 8;

and it appearing that Plaintiff seeks until August 30, 2017 to effect service;

and it further appearing that on March 28, 2017, the Court granted Plaintiff's request to serve a third-party subpoena on a certain internet service provider ("ISP") to obtain identifying information about Defendant, see Order, March 28, 2017, D.E. 5;

and it further appearing that Plaintiff issued the subpoena on or about March 29, 2017, Pl.'s Second Mot. for Extension of Time to Effectuate Service, July 28, 2017, D.E. 8, ¶ 3;

and Plaintiff having represented that it received the ISP's response on June 14, 2017, id.;

and the Court having granted Plaintiff a prior extension of time to effect service because Plaintiff was not certain when it would receive the ISP's response, id. ¶ 4;

and Plaintiff having been granted until July 31, 2017 to serve Defendant, Order, May 23, 2017, D.E. 7;

and it appearing that Plaintiff now moves for an additional extension of time to serve Defendant because the parties are attempting to reach a settlement of this matter, which Plaintiff believes will be finalized by August 30, 2017, id. ¶ 5;

and it appearing that, pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff must show "good cause" for the Court to grant an extension of time to serve;[1]

and the Court finding that Plaintiff has demonstrated "good cause" sufficient to warrant granting an extension of time to serve Defendant;[2]

and for good cause shown;

**IT IS on this 3rd day of August, 2017,**

---

[1] The Third Circuit has stated that a showing of good cause pursuant to Rule 4(m) "requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). Further, the "primary focus" of the inquiry "is on the plaintiff's reasons for not complying with the time limit in the first place." Id.; see also Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997).

Even if good cause is not shown, other factors may warrant an extension of time for service. Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1307–08 (3d Cir. 1995). Some factors to consider are (1) whether plaintiff made good faith efforts to comply; (2) whether the statute of limitations would expire if the time period to effect service were not extended; (3) whether plaintiff is represented by counsel; and (4) whether defendant would be prejudiced by an extension. Id.; Chiang v. United States SBA, 331 Fed. App'x 113, 116 (3d Cir. 2009). "The plaintiff bears the burden of demonstrating a sufficient reason as to justify the exercise of the court's discretion." Spence v. Lahood, No. 11-3972, 2012 U.S. Dist. LEXIS 80015, at *14–15 (D.N.J. June 8, 2012).

[2] Plaintiff filed the instant motion before the then current deadline to serve expired. The Court notes that Plaintiff seeks a reasonable thirty-day extension of time to effect service of process on Defendant. Plaintiff indicates that it believes that the parties will be able to reach an informal resolution of this matter without further Court intervention. Finally, the extension is unlikely to impair Defendant's ability to mount a defense in this matter. Therefore, there is good cause for Plaintiff's request.

3

**ORDERED** that Plaintiff's second motion for an extension of time to effect service [D.E. 8] is **granted**; and it is further

**ORDERED** that Plaintiff shall have until **August 30, 2017** to effect service of process on Defendant.

*/s Michael A. Hammer*
**United States Magistrate Judge**
